UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAKAREN LOPEZ, as personal representative of SALOMON RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et. al.<br>Defendants.<br><br>AND RELATED CROSS CLAIM. | Case No.: 15cv00180 JAH-WVG<br><br>**ORDER REMANDING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DEFENDANT TO PROVIDE AN OPPORTUNITY FOR ANOTHER INSPECTION**<br>[Doc. No. 47] |

Pending before the Court is Plaintiff's motion to set aside the magistrate judge's September 30, 2016 order denying her request for a second inspection. Defendant opposes Plaintiff's motion. Upon a thorough review of the parties' submissions, the Court finds it appropriate to remand Plaintiff's request for an order compelling Defendant to provide Plaintiff another opportunity to inspect the subject elevator platform at the flight deck level.

### BACKGROUND

On January 27, 2015, Damaris Manzanero Vazquez, appearing as the personal representative of Salomon Rodriguez, filed a complaint against United States of America

1  and National Steel and Shipbuilding Company ("NASSCO").  On November 23, 2015,
2  Anakaren Lopez, appearing as the personal representative of Salomon Rodriguez, filed a
3  First Amended Complaint ("FAC"), seeking damages for negligence.  Plaintiff Lopez
4  alleges Defendants' negligence caused Salomon Rodriguez to fall off the unguarded side
5  of an elevator platform approximately 98 feet down an elevator trunk while working aboard
6  the USS Boxer in navigable waters at Pier 13, Naval Station, San Diego, California.  FAC
7  ¶¶ 11 - 21.  Plaintiff asserts, as the decedent's personal representative, she is entitled to
8  recover on behalf of Mr. Rodriguez's minor son.  Id. ¶ 26.

9  Defendant United States filed an answer and cross claim against Defendant
10 NASSCO, and NASSCO filed an answer to the FAC and an answer to the crossclaim.

11 Plaintiff's counsel and experts were given the opportunity to inspect the elevator at
12 issue.  Plaintiff served a second request to inspect the elevator and Defendant United States
13 objected.  The Honorable William Gallo, United States Magistrate Judge, conducted a
14 telephonic discovery conference and directed the parties to file a joint statement with their
15 respective position.  On September 30, 2016, Judge Gallo issued an order denying
16 Plaintiff's request to inspect the elevator a second time.

17 Plaintiff objects to Judge Gallo's order and seeks an order setting aside the
18 September 30, 2016 order and compelling Defendant to provide Plaintiff the opportunity
19 to inspect the subject elevator platform at the flight deck level as it was on the day Mr.
20 Rodriguez fell to his death and to observe the aft door open and the aft ramp deployed to
21 determine whether such a configuration could have prevented the tragedy.

**STANDARD OF REVIEW**

23 A party may object to a non-dispositive pretrial order of a magistrate judge within
24 fourteen days after service of the order.  Fed. R. Civ. P. 72(a).  The magistrate judge's
25 determination of such matters is entitled to deference unless it is clearly erroneous or
26 contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

27 The "clearly erroneous" standard applies to the magistrate judge's factual
28 determinations and discretionary decisions.  Grimes v. City and County of San Francisco,

951 F.2d 236, 240 (9th Cir.1991) (discretionary non-dispositive pre-trial matters by magistrate judge are reviewable for clear error); <u>Maisonville v. F2 Am., Inc.</u>, 902 F.2d 746, 748 (9th Cir. 1990) (factual determinations made in connection with sanction award are reviewable for clear error).  This standard requires "a definite and firm conviction that a mistake has been committed."  <u>Security Farms v. Intern. Broth. of Teamsters</u>, 124 F.3d 999, 1014 (9th Cir. 1997).

The "contrary to law" standard applies to review of purely legal determinations by a magistrate judge.  <u>See</u>, e.g., <u>Haines v. Liggett Group, Inc.</u>, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); <u>Medical Imaging Centers of America, Inc. v. Lichtenstein</u>, 917 F.Supp. 717, 719 (S.D.Cal. 1996) ("Section 636(b)(1). . .has been interpreted to provide for *de novo* review by the district court on issues of law).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." <u>Jadwin v. County of Kern</u>, 767 F.Supp.2d 1069, 1110-11 (E.D. Cal. 2011) (citing <u>DeFazio v. Wallis</u>, 459 F.Supp.2d 159, 163 (E.D.N.Y. 2006)).

## DISCUSSION

**A.  Judge Gallo's Order**

The parties submitted a joint statement for determination of the discovery dispute to Judge Gallo.  The United States objected to the second inspection on the ground the request was unreasonably cumulative, duplicative and the information sought could be obtained from another, more convenient, less burdensome source.  Defendant maintained Plaintiff previously inspected the elevator at a safe level, possessed photographs of the elevator taken on the day of the incident and detailed drawings and measurements of how it existed on the day of the incident, and possessed blueprints and operational, maintenance and safety instructions for the elevator.  Defendant also maintained Plaintiff's request was unduly burdensome because it would require a significant amount of manpower and the need to employ and pay a contractor to install fall protection.

Plaintiff argued the second inspection was necessary for her to prove a critical theory of liability. Plaintiff's theory is the decedent's fall was caused by the gap between the elevator platform and the flight deck as it was configured 98 feet above ground, and she argued, the only way to know whether the configuration caused the tragedy was to "1) measure the gap space for themselves; 2) see what visual cues the decedent saw while on the platform that would have indicated to him his proximity to the ledge; and 3) determine whether fall arrested systems were feasible at that height given the platform's proximity to other objects at that deck level." Joint Statement (Doc. No. 40) at 8. She further argued the importance of inspecting the platform as it was on the date of the incident outweighed any burden to Defendant. She asserted any burden was minimal because Navy personnel would not be inconvenienced from more than an hour and the cost would be minimal given the Navy's operating budget.

Judge Gallo found Defendant would suffer a certain degree of burden but not so great as to preclude Plaintiff's request outright. Addressing each of Plaintiff's three reasons for the request, Judge Gallo also found Plaintiff made a minimal showing of need, if any, to inspect the elevator platform a second time in the raised position. Judge Gallo then applied the balancing test of Belcher v. Bassett Furniture Industries, Inc., 588 F.2d 904 (4th Cir. 1978), and determined the burden imposed on Defendant outweighs Plaintiff's stated interest in inspecting the elevator platform a second time.

**B. Plaintiff's Objection**

Plaintiff maintains she was denied access to all relevant parts of the elevator during the first inspection. Specifically, she alleges there is an aft door on the elevator shaft at the flight deck level, and when the aft door is opened a ramp lowers down which Plaintiff believes would have covered the opening through which Mr. Rodriguez fell to his death. She contends counsel and his experts were given an opportunity to inspect the elevator on January 27, 2016, but on a rush basis and were only permitted to inspect the elevator at the bottom of the shaft. She further contends they were not permitted to inspect the platform or the aft ramp at the flight deck level, the aft door and aft ramp of cargo weapons elevator

no. 3 on the USS BOXER at the flight deck level. Additionally, she maintains they have not been provided equivalent photographs, and have never been allowed to inspect the hole through which Mr. Rodriguez fell. Plaintiff maintains the failure to lower the ramp is critical to how the accident occurred and critical to Plaintiff's liability arguments.

Plaintiff argues Judge Gallo's order denying the inspection is clearly erroneous because it misses one of Plaintiff's material purposes for the inspection, to determine whether or not the aft door, which exists only at the flight deck level, when open and deploying its aft ramp, would have, with the aft ramp, sufficiently covered the opening through which Mr. Rodriguez fell to his death and thereby prevented his death. She maintains determining whether Defendants could have taken reasonable steps, such as lowering the aft ramp to save Mr. Rodriguez's life, is the whole reason for this litigation and refusing her counsel access to the aft ramp will have the effect of reducing her case to speculation. She argues Judge Gallo's ruling is clearly erroneous because it fails to contemplate that this inspection could determine whether or not opening the aft door at the flight deck level and lowering the aft ramp could have covered the hole sufficiently to prevent the decedent from falling to his death.

Plaintiff further argues the order is contrary to law because it fails to liberally construe discovery requests and balance relative interests as mandated by the Federal Rules of Civil Procedure.

In opposition, Defendant agues the Court should ignore Plaintiff's new argument raised for the first time in objection and deny Plaintiff's motion on that basis.

Defendant further argues, even if the Court considers the merits of Plaintiff's objection, Judge Gallo's order is neither erroneous nor contrary to law because Judge Gallo did not misapply the applicable discovery statute or relevant case law. Defendant maintains it allowed Plaintiff's counsel and experts to thoroughly inspect, measure and photograph the subject elevator platform while it was at a safer level. Additionally, Defendant maintains it provided Plaintiff with diagrams, measurements, and photographs of the elevator as it was on the day of the incident. Defendant contends Judge Gallo applied

1  the applicable discovery statutes and relevant case law and determined Plaintiff did not
2  make a minimal showing of need to inspect the elevator platform a second time at the flight
3  deck level.  Defendant argues Judge Gallo's finding that the United States' burden
4  outweighed Plaintiff's stated interest in conducting a second inspection was not erroneous
5  nor contrary to law.

6  In reply, Plaintiff contends a district court has full discretion to consider arguments
7  made for the first time in a parties' objection to a magistrate judge's decision. She further
8  contends the arguments made before Judge Gallo and before this Court are similarly
9  intertwined because both are made pursuant to Federal Rule of Civil Procedure 34.  She
10 argues finding out whether the death could have been prevented if the government
11 deployed the aft ramp, could make a material difference in the outcome of this case. She
12 maintains the first inspection of the site was a "take it or leave it" inspection at the spur of
13 the moment, and argues the government should not act surprised and indignant when an
14 inspection under these circumstances is not good enough to provide the Plaintiff with the
15 discovery she is entitled to under the Federal Rules of Civil Procedure.  Plaintiff contends
16 the argument offered to this Court, although not previously made before Judge Gallo is not
17 so different as to be considered "out of left field" and, is potentially material to the outcome
18 of a case that is itself of the utmost importance. Therefore, she argues, this Court may
19 exercise its discretion to hear this new argument favoring the first inspection of the elevator
20 platform at the flight deck level.

21 Plaintiff further argues she makes a clear showing that one key theory of liability
22 can be proven based on the evidence gathered at a second site inspection conducted
23 properly.

24 **C. Analysis**

25 Plaintiff raises a new argument in support of her request for a second inspect that
26 she did not raise before Judge Gallo.  This Court has the discretion to consider Plaintiff's
27 new argument raised for the first time in her objection. See United States v. Howell, 231
28 F.3d 615, 621 (9th Cir. 2000).  However, the Court finds it inappropriate to determine

whether Judge Gallo's order denying Plaintiff's motion to compel was clearly erroneous or contrary to law when Judge Gallo was not provided an opportunity to address the new argument raised by Plaintiff. The Court, notwithstanding, declines to deny the motion on that basis and will, instead, remand the issue to provide Judge Gallo an opportunity to address the new argument.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's motion to compel is remanded to Judge Gallo to consider Plaintiff's new argument in determining whether Plaintiff's interest in inspecting the elevator platform a second time outweighs the burden to Defendant.

2. Plaintiff shall notify the Court of Judge Gallo's ruling and whether she renews her objection and motion to set aside based upon the ruling **no more than seven (7) days after** Judge Gallo issues his ruling.

DATED: March 6, 2017

JOHN A. HOUSTON
United States District Judge