UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAKAREN LOPEZ, as personal representative of SALOMON RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et. al.<br>Defendants.<br><br>AND RELATED CROSS CLAIM. | Case No.: 15cv00180 JAH-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND CASE MANAGEMENT CONFERENCE ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br>**[Doc. No. 106]** |

Pending before the Court is Plaintiff's motion to amend the case management conference order and for leave to file a fourth amended complaint to include additional allegations and a new claim. Defendants oppose the motion.

The filing of an amended complaint or counterclaim after a responsive pleading has been filed may be allowed by leave of court. Fed.R.Civ.P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. International Association of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on

1

the merits. DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genetech, Inc. v. Abbott Laboratories, 127 F.R.D. 529 (N.D. Cal. 1989).

Once a pretrial scheduling order has issued pursuant to Rule 16(b) the Federal Rules of Civil Procedure, however, a party must show "good cause" to amend its pleadings. United States v. Dang, 488 F.3d 1135, 1142 (9th Cir. 2007); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15." Johnson, 975 F.2d at 609 (internal quotations omitted). Unlike Rule 15's liberal amendment policy, Rule 16's "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609. A court must consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006) (internal quotations omitted). Where a movant "[has] failed to show diligence, 'the inquiry should end.'" Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (quoting Johnson, 975 F.2d at 609).

Plaintiff contends good cause exists to permit amendment because she diligently sought leave to amend following the deposition of Defendant United States' safety specialist on February 27, 2018, during which he testified Defendant NASSCO was required to perform inspections under NAVSEA Standard Items. Defendant NASSCO argues Plaintiff's motion is untimely and she fails to show good cause to modify the scheduling order which set a deadline of May 23, 2016, for seeking leave to amend. Defendant contends Plaintiff had knowledge of the relevant NAVSEA Standard Items no later than April 2016, when the parties exchanged initial disclosures, but delayed amending her complaint to include the additional allegations.

The Court finds Plaintiff knew about the significance of the NAVSEA Standard Items long before the February 2018 deposition. She does not dispute Defendant

NASSCO's contention that she was aware of the relevant NAVSEA Standard Items as early as April 2016, and, in fact, states in her motion that the NAVSEA Standard Items were part of Defendant NASSCO's initial disclosures. Additionally, Plaintiff previously sought and was granted leave to amend her complaint in which she included allegations that Defendant NASSCO was required to perform inspections under NAVSEA Standard Items. Plaintiff fails to demonstrate diligence in seeking leave to amend her complaint for the fourth time.

Accordingly, IT IS HEREBY ORDERED Plaintiff's motion for leave to file a fourth amended complaint is **DENIED**.

DATED: September 24, 2018

_____
JOHN A. HOUSTON
United States District Judge