UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN OCAMPO, as personal representative of SALOMON RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et. al.<br>Defendant.<br><br>AND RELATED CROSS CLAIM. | Case No.: 15cv00180 JAH-WVG<br><br>**ORDER GRANTING DEFENDANT NASSCO'S MOTION TO DISMISS [Doc. No. 156]** |

Pending before the Court is Defendant National Steel and Shipbuilding Company's ("NASSCO") motion to dismiss Defendant United State's second cross-claim for breach of express maritime contract. The United States opposes the motion and Plaintiff takes no position. After a thorough review of the parties' submissions and for the reasons discussed below, the Court GRANTS Defendant NASSCO's motion to dismiss.

## BACKGROUND

On January 27, 2015, Damaris Manzanero Vazquez, appearing as the personal representative of Salomon Rodriguez, filed a complaint against United States of America and NASSCO. On November 23, 2015, Anakaren Lopez, appearing as the personal representative of Salomon Rodriguez, filed a First Amended Complaint and, filed a Second

1

Amended Complaint on March 14, 2017. On November 6, 2017, Plaintiff filed a Third Amended Complaint ("TAC") which replaced Anakaren Lopez with Karen Ocampo as the personal representative for Salomon Rodriguez. Plaintiff seeks damages for negligence and alleges Defendants' negligence caused Salomon Rodriguez to fall off the unguarded side of an elevator platform approximately 98 feet down an elevator trunk while working aboard the USS Boxer in navigable waters at Pier 13, Naval Station, San Diego, California. TAC ¶¶ 11 - 21. Plaintiff asserts, as the decedent's personal representative, she is entitled to recover on behalf of Mr. Rodriguez's minor son. Id. ¶ 27.

The United States filed an answer and cross claim against NASSCO asserting claims for negligence and contribution, and breach of express maritime contract. NASSCO filed an answer to the FAC and an answer to the crossclaim.

NASSCO filed a motion for summary judgment or, in the alternative, partial summary judgment which this Court denied by order filed September 24, 2018. NASSCO filed the pending motion to dismiss on March 22, 2019. Plaintiff filed its statement of no position on the motion on March 27, 2019. The United States filed an opposition on April 29, 2019 and NASSCO filed a reply on May 6, 2019. NASSCO and the United States appeared before this Court for a hearing on the motion to dismiss on May 21, 2019. After hearing oral argument, the Court took the matter under submission.

**LEGAL STANDARD**

NASSCO seeks to dismiss the United States' cross-claim for breach of express maritime contract under Rule 12(b)(1) of the Federal Rules of Civil Procedure. A defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter pursuant to Rule 12(b)(1). The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 95 (1998). When considering a Rule12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where

necessary. See Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quoting Thornhill Publishing Co. v. General Telephone & Electronic Corp., 594 F.2d 730, 733 (9th Cir. 1979)). The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction exists. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

**DISCUSSION**

NASSCO argues the Contract Disputes Act of 1978 ("CDA") prohibits this Court from hearing the United States' breach of contract claim. Specifically, NASSCO argues the CDA prohibits any party to a government contract from bringing contract-related claims before exhausting administrative remedies and the United States failed to exhaust the administrative remedies prior to filing its cross-claim. NASSCO further argues the United States cannot comply with the jurisdictional requirements of exhausting administrative remedies because its purported claim is not ripe, in that the United States cannot submit a claim without a sum certain and cannot identify a sum certain until the conclusion of the negligence action.

In opposition, the United States initially contends the motion is untimely. The United States also argues once Plaintiff filed suit and placed the contract into litigation, the Department of Justice ("DOJ") gained complete control of the litigation pursuant to 28 U.S.C. section 516 and, thereby, divested the contracting officer ("CO") of authority to act under on the contract under the CDA. The United States contends section 516 divests the CO from hearing and deciding contract claims that are related to claims before the Court and maintains Plaintiff asserts the accident occurred as a direct and proximate result of NASSCO's multiple failures to perform its contractual obligations. Additionally, the United States maintains NASSCO put the contract at issue by attaching it to its unsuccessful motion for summary judgment and listing it as a trial exhibit, the Court looked to the contract as part of its order denying the motion for summary judgment, and the trial

in this matter will focus on NASSCO's breaches of contract, the same claims the CO would review. The United States maintains this issue is one of first impression and it is the facts of this case that lead to this result.

The United States further contends if NASSCO argues that the exclusive forum for deciding issues related to government contacts lies with the United States Court of Appeals for the Federal Circuit, it is mistaken, because 41 U.S.C. section 7107 carves out an exception for contract claims falling under the Suits in Admiralty Act and/or the Public Vessels Act and section 7102 provides that appeals arising under maritime law are governed by the Admiralty Act or the Public Vessels Act.

In reply, NASSCO argues the motion is not untimely because the question of subject matter jurisdiction can be brought at any time. NASSCO maintains the United States does not challenge that its breach of contract claim is governed by the CDA nor that it failed to comply with the CDA by bringing its cross-claim.

NASSCO also argues the three cases relied on by the United States to create this argument are inapposite and the United States' reliance on them is misleading, and the argument that the CDA can be eviscerated by a third party simply naming the United States and raising a government contract in a tort action is nonsensical. Additionally, NASSCO argues the United States' attempts to assert that this Court has jurisdiction over the case under 41 U.S.C. section 7102 is a red herring because a district court can obtain jurisdiction over an appeal from a contracting officer's final decision if the contractor appealing chooses so. Here, there is no final decision.

As an initial matter, a motion challenging jurisdiction may be made "any time during the proceedings." Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 595 (9th Cir. 1996). As such, Defendant's motion is not untimely.

The CDA requires claims by the government against a contractor relating to a contract for the (1) procurement of property, (2) procurement of services, (3) procurement of construction, alteration, repair or maintenance of real property and (4) the disposal of personal property, be submitted to the contracting officer. 41 U.S.C. §§ 7102, 7103. The

United States does not dispute the CDA applies to its claim for breach of contract. Instead, the United States argues the Court has jurisdiction to hear the case because the CO was divested of authority to act on the claim once Plaintiff filed this action. Pursuant to 28 U.S.C. section 516, "the conduct of litigation in which the United States, an agency, or officer thereof is a party. . .is reserved to the officers of the Department of Justice, under the direction of the Attorney General." The power must be narrowly construed. Hughes Aircraft Co. v. U.S., 534 F.2d 889, 901 (Ct.Cl. 1976). The DOJ's exclusive control is limited to conduct of pending litigation and does not encompass related matters not currently pending. Id. Plaintiff's claims pending before this Court involve allegations that the accident was a result of NASSCO's failure to perform certain contractual obligations. The contract and alleged breach of the contract are at issue in this action. Assuming the United States' related breach of contract claim was sufficiently related to Plaintiff's claims to be considered pending at the time Plaintiff's complaint was filed, the CO is divested of authority to address the United States breach of contract claim.

However, the United States does not explain or provide support for its contention that the Court gains jurisdiction to hear the breach of contract claim because the CO is divested of authority to address the claim. The cases relied upon by the United States demonstrate the CO is divested of authority to act on a claim arising from pending litigation but they do not support the United States' contention that the Court has jurisdiction over the claim. For example, in Peterson Builders, Inc. v. U.S., 27 Fed.Cl. 443 (1993), a contractor sought to amend its complaint against the United States to add a claim for duress. A previous claim for duress was dismissed for failure to present the claim to the contracting officer. Thereafter, the plaintiff submitted a claim for duress to the contracting officer who informed the plaintiff the CO lacked authority to issue a decision. In the motion seeking to amend the complaint, the plaintiff sought to amend his claim under the 60 day deemed denial provisions of the CDA, which permitted a contractor to bring a suit on a contract if the CO fails to issue a decision or notify the contractor of when a decision will be forthcoming within 60 days of receipt of the claim. The court denied the plaintiff's motion

for leave to file its amended complaint upon finding the CO was not obligated to address the claim because the CO lacked authority to act when the litigation was being pursued by the Attorney General. Id. at 445. The finding that the CO was divested of authority to address the claim did not lead to jurisdiction in the court. Similarly, the court in Boeing Co. v. U.S., 26 Cl.Ct. 529 (1992), recognized the DOJ's exclusive authority over related claims but does not support the United States' contention that the Court has jurisdiction to hear a related claim.

Here, the United States failed to submit the breach of contract claim to the CO prior to filing its cross-claim. As such, the Court is without jurisdiction to hear the claim.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant NASSCO's motion to dismiss is **GRANTED**. The United States' cross-claim for breach of contract is **DISMISSED without prejudice.**

2. The hearing set for July 15, 2019 is **VACATED**.

DATED: July 12, 2019

_____
JOHN A. HOUSTON
United States District Judge