| | |
|---|---|
| KAREN OCAMPO, as personal representative of SALOMON RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et. al.<br><br>Defendants.<br><br>AND RELATED CROSS CLAIM. | Case No.: 15cv00180 JAH-WVG<br><br>**ORDER ON MOTIONS IN LIMINE** |

# INTRODUCTION

On May 20, 2019, the parties appeared before this Court for a hearing on their fully briefed motions *in-limine*. After hearing oral argument, the Court ruled on certain motions (See Doc. Nos. 158, 159, 164, 165, 167, 168, 169) and took the instant motions under submission. Pending before the Court are I. NASSCO's motion to exclude evidence of the contract (Doc. No. 160), II. NASSCO's motion to exclude testimony of the United States' expert Dr. Patrick Hudson (Doc. No. 161), III. NASSCO's motion to preclude evidence or argument regarding legal duty (Doc. No. 162), IV. NASSCO's motion to exclude evidence of any alleged negligent act not listed in the Pretrial Order (Doc. No.

172), and V. NASSCO's motion to exclude opinions and testimony of Plaintiff's expert Carl Beels (Doc. No. 166).[1]

**DISCUSSION**

**I. NASSCO's Motion to Exclude Evidence of the Contract**

NASSCO seeks an order excluding all evidence of the contract between NASSCO and the United States, its terms or NASSCO's alleged violation thereof as evidence of negligence. NASSCO argues the United States' failure to exhaust administrative remedies prior to bringing its cross-claim prohibits the Court from making contract-related determinations and prevents Plaintiff from establishing NASSCO's alleged negligence based on purported breaches of the contract. Relying on Woodbury v. United States, 313 F.2d 291 (9th Cir. 1963), NASSCO contends the evidence relating to the contract or its terms should be excluded as irrelevant and prejudicial because the United States' and Plaintiff's claims of negligence rely on NASSCO's alleged breach of contract and under the Contract Disputes Act ("CDA"), the Court lacks subject matter jurisdiction to make any determinations related to the contract. NASSCO further argues a contractual duty cannot serve as the basis for a negligence claim. Additionally, NASSCO argues the evidence is prejudicial, will confuse the issues and would result in undue delay.

Plaintiff argues, by submitting the contract as an exhibit to its summary judgment motion NASSCO has already put it into evidence and admitted to its authenticity, relevance and admissibility. Plaintiff contends NASSCO is also precluded from taking inconsistent positions in the same action under the doctrines of judicial estoppel and admissions in pleadings. Additionally, Plaintiff argues statements of facts made by its counsel in the

---

[1] In its response and opposition to motions I. and II., the United States contends in part that its arguments relating to its breach of contract claim (and the Court's jurisdiction to consider it) is legally sufficient to deny these motions. Because the Court has disposed of the United States' breach of contract claim upon NASSCO's motion to dismiss in a separate order (Doc No. 210), the United States arguments relating to its breach of contract claim will not be entertained herein.

summary judgment brief may be considered admissions of the party in the discretion of the Court.

Plaintiff further argues NASSCO erroneously contends the Third Amended Complaint ("TAC") is a contracts action disguised as a negligence action. Plaintiff maintains a duty may arise out of a contract, and negligent performance may be a tort as well as a breach of contract. Furthermore, Plaintiff maintains the CDA process is intended to provide a mechanism to resolve post-award dispute claims between the federal government and a contractor and her claim is not within the scope of the administrative scheme contemplated by the CDA. Plaintiff contends NASSCO's argument that the government claim is not ripe until there is an award, yet Plaintiff cannot refer to the contract to get an award creates a Catch-22 situation and is prejudicial in seeking to exclude a crucial piece of evidence. She maintains NASSCO presents no authority that the alleged lack of jurisdiction to adjudicate the contractual dispute between the Navy and NASSCO in any manner precludes the admissibility of the contract by Plaintiff to prove her tort claim. Plaintiff further maintains she alleges the contract provides the basis of at least some of the legal duties for which NASSCO was responsible and which Plaintiff alleged it breached. Accordingly, Plaintiff argues, the citation to Woodbury, which deals with a tort entirely based on the breach of a promise made in a contract, is inapplicable. According to NASSCO's own cited authority, Plaintiff argues, the claim at issue does not fall within the scope of CDA. Plaintiff also argues this motion is essentially an untimely summary judgment motion in disguise.

Citing Todd Shipyards Corp. v. Turbine Service, Inc., 674 F.2d 401 (5th Cir. 1982), the United States argues it may rely on the contract to support its crossclaim for contribution based upon NASSCO's negligence and maintains it is well-recognized under general maritime law that a shipowner may sue in either tort or contract for negligent performance of a maritime contract. Additionally, the United States argues it has the right to rely on the contract to establish that it delegated any arguable duty of care it may have

3

15cv00180 JAH-WVG

owed the decedent to NASSCO by way of its contract with NASSCO in defending against Plaintiff's claims.

The United States also argues evidence of the contract is not excludable under Rule 403 because there is nothing unfair in placing into evidence at trial a written contract where evidence of the contract was already placed in the court's record without objection. The United States maintains NASSCO's argument that admitting the contract at trial will confuse the Court rings hollow in light of the fact that the Court analyzed the contract in denying NASSCO's motion for summary judgment. Additionally, the United States argues the contract is one of several viable defenses it has against Plaintiff's claims, and NASSCO has no basis to preclude the United States from entering the contract into evidence at the time of trial.

In reply, NASSCO continues to argue that Plaintiff's contention that NASSCO is estopped from arguing the contract should be excluded has no merit because the limits on this Court to consider the contract are jurisdictional, and this Court does not have jurisdiction to decide a negligence claim based on breach of a contract governed by the CDA. Furthermore, NASSCO argues Plaintiff and the United States attempts to support their respective claims against NASSCO cannot be decided in this forum because they are really contract actions disguised as negligence claims. NASSCO maintains Plaintiff cites only to California law and this Court has already held federal law applies in this maritime action, and the United States relies on a series of maritime, but not government contract, cases.

Relying on <u>Woodbury</u>, NASSCO contends the negligence-based claims presented by Plaintiff and the United States are disguised breach of contract causes of action and, therefore, the Court is without jurisdiction to hear evidence of the contract in support of the claims.[2] <u>Woodbury</u> involved a tort claim based entirely upon a breach of a contract.

---

[2] This motion appears dispositive in nature and not entirely appropriate for a motion *in limine* which generally addresses admissibility issues. Nevertheless, the Court will address the motion.

313 F.2d 291. While the negligence action here looks to the contract between NASSCO and the United States to demonstrate NASSCO's duty owed to the decedent and to the United States' purported delegation of its duties it owed the decedent, the contract is not an essential basis of the negligence claims. The basis of Plaintiff's claims is NASSCO's failure to ensure and maintain a safe work environment. The source of Plaintiff's claims against NASSCO are not the contract to which Plaintiff was not a party. Similarly, the source of the United States' negligence and contribution claim is not the contract but NASSCO's alleged failure to identify the fall hazard resulting in decedent's death. Furthermore, NASSCO cites no authority in support of its argument that a finding that this Court lacks jurisdiction to hear the United States' breach of contract claim prevents the Court from hearing evidence regarding the contract in support of the negligence-based claims.

Next, NASSCO argues the contract cannot serve as a basis for negligence and challenges Plaintiff's reliance of California law in support of her argument that a duty may arise out of a contract and the United States' reliance on non-government contract cases. NASSCO points to this Court's determination that it would not consider California law which NASSCO asserted "complement[ed]" admiralty law on the issue of the peculiar risk doctrine in the Court's order on NASSCO's motion for summary judgment. See Doc. No. 146. The Court made this determination because general maritime law recognizes the peculiar risk doctrine and sets forth the parameters of the doctrine and, therefore, there was no need to consider state law on the issue. This Court recognizes that in exercising admiralty jurisdiction, courts "look to common law in considering torts." Royal Ins. Co of America v. Southwest Marine, 194 F.3 1009, 1015 (9th Cir. 1999) (quoting Su v. M/V S. Aster, 978 F.2d 462, 472 (9th Cir. 1992). Under California law,

> liability for negligent conduct may only be imposed where there is a duty of care owed by the defendant to the plaintiff or to a class of which the plaintiff is a member. A duty of care may arise through statute or by contract. Alternatively, a duty may be premised upon the general character of the activity in which the defendant engaged,

the relationship between the parties or even the interdependent nature of human society.

J'Aire Corp v. Gregory, 24 Cal.3d 799 (1979) (internal citations omitted).

NASSCO also challenges the United States' reliance on Cheek v. Williams - McWilliams, Co. Inc., 697 F.2d 649 (5th Cir. 1983), which recognized negligent performance of a contract could give rise to a claim sounding in tort. NASSCO contends the case is distinguishable because it did not involve a government contract which would be limited by the CDA. The Court declines NASSCO's invitation to find that the Court's lack of jurisdiction to entertain a CDA-based breach of contract claim cloaks NASSCO with protection or immunity that prevents any party from relying on any alleged duty of care arising from a contract. The Court's finding that it does not have jurisdiction to hear the breach of contract action does not limit its ability to hear evidence of the contract to support the negligence claims. A duty of care may arise by contract.

The contract and its provisions, which were discussed thoroughly in the parties' briefs and oral argument on NASSCO's motion for summary judgment, are relevant and admissible as to the negligence-based claims. Furthermore, the Court finds there will be no prejudice or confusion of the issues in this trial in which the Court is the trier of fact. Accordingly, NASSCO's motion to exclude evidence of the contract on negligence-based claims is DENIED.

**II. To Exclude the Opinions and Testimony of Expert Dr. Patrick Hudson**

NASSCO maintains the United States will offer the testimony of Dr. Patrick Hudson, a naval architect, naval engineer and forensic expert, to provide an opinion regarding the causes of the fall. In his reports, Dr. Hudson provided the following opinions[3] as to the cause of the fall:

---

[3] At the hearing, the United States contended the second and third opinions are moot based upon this Court's decision on its motion to preclude the Admiralty Letter Report. This Court agrees and the second and third opinions will not be addressed herein.

1. Mr. Rodriguez fell from Cargo Elevator No. 3 because his employer, South Bay Sand Blasting, and the prime contractor, NASSCO, failed to ensure that OSHA compliant fall protection was in place as required by Title 29, Code of Federal Regulations Part 1915 (29 CFR 1915), Occupational Safety and Health (OSHA) Standards for Shipyard Employment.

2. When the Navy turned over Cargo Weapons Elevator No. 3 to NASSCO on July 15, 2014, the Navy safety stanchions and chains were in place on the elevator platform, thereby alerting NASSCO of the potential fall hazard which NASSCO was obligated to abate pursuant to Title 29, Code of Federal Regulations Part 1915 (29 CFR 1915), Occupational Safety and Health (OSHA) Standards for Shipyard Employment.

3. The Navy contractually required NASSCO to comply with the fall protection requirements of 29 CFR 1915 upon turnover of the Cargo Weapons Elevator No. 3 because Title 29, Code of Federal Regulations Part 1960 (29 CFR 1960), Basic Program Elements for Federal Employees OSHA, specifically excluded naval operations and the design of naval vessels from the scope of OSHA standards.

Report, Rebuttal Report, Hannah Decl., Exhs. 2, 3 (Doc. No. 161-2).

NASSCO contends Dr. Hudson's opinions do not relate to his knowledge, skill, experience, training, or education as a civil or ocean engineer, and are based on conjecture and speculation. NASSCO maintains Dr. Hudson testified that his qualifications as a civil and ocean engineer are not relevant to his opinions in this case. Generally, as to Dr. Hudson's opinion as to causation, NASSCO argues the opinion must be excluded because he is unqualified to offer such an opinion. NASSCO maintains Dr. Hudson's experience working in or around Navy vessels was more than 30 years ago and is irrelevant to the subject matter of causation. According to NASSCO, Dr. Hudson testified he has about 20 years of experience relating to ship design for the Navy or for contracts working for the Navy which gives him an understanding of the relationship between a prime contractor and a subcontractor and the prime contractor and the government. NASSCO argues it is unclear how an understanding of these relationships is probative to any issue of causation. Further, NASSCO maintains Hudson has no certifications in safety and no expertise in human factors. Additionally, NASSCO argues Dr. Hudson's opinions as to causation must be

excluded because he did not rely on sufficient facts or data and did not utilize or apply a reliable methodology in reaching his opinions. NASSCO maintains Dr. Hudson could not articulate a specific methodology in reaching his conclusions as to causation and there appears to be nothing in his experience that would allow him to opine as to causation.

In opposition to the motion, the United States argues Dr. Hudson is qualified to render expert opinions in this maritime case because he has the requisite training and skill, he has direct personal knowledge and experience in overseeing ship repair contracts like the one at issue in this case and worked in the NASSCO shipyard as a contracting officer supervising repairs to naval vessels. The United States also contends Dr. Hudson's opinions are based upon reliable and sound foundations applicable to this maritime action.[4]

Under the Federal Rules of Evidence, the Court may admit expert testimony when it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Rule 702 requires that the expert's testimony: (1) be based on "sufficient facts or data," (2) be based on "reliable principles and methods," and (3) apply these "principles and methods reliably to the facts of the case." The Supreme Court has set forth several factors that may be used in evaluating the propriety of expert opinions, including: (1) whether the expert's theory can be, or has been, tested; (2) whether the theory has been subject to peer review or publication; (3) the technique's known potential rate of error; and (4) the level of theory or technique's acceptance in the community. See Daubert v. Merrel-Dow Pharmaceuticals, 509 U.S. 579 (1993). In addition to reliability under Daubert, Rule 702 also requires expert opinions to be grounded in sufficient facts or data. See, e.g., In re Citric Acid Litigation, 191 F.3d 1090, 1102 (9th Cir. 1999). Kumho Tire expanded the application of Daubert factors to non-scientific testimony "based on 'technical' and 'other specialized' knowledge." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999). A court's gatekeeping function pursuant to Daubert is less essential in a bench trial. See

---

[4] NASSCO also argues the United States does not address NASSCO's specific arguments regarding Dr. Hudson's second and third opinions. See fn. 3, supra.

F.T.C. v. BurnLounge, Inc., 750 F.3d 878, 888 (9th Cir. 2014) (When we consider the admissibility of expert testimony, we are mindful that there is less danger that a trial court will be unduly impressed by the expert's testimony or opinion in a bench trial.") (quotation omitted).

Dr. Hudson testified at his deposition as to his experience working as a Navy contracting officer and working with NASSCO, which provided him with an understanding of the relationship between a prime contractor and a subcontractor and the prime contractor and the government. Hudson Depo. 26;12-16, Kaufman-Cohen Decl. Exh. A (Doc. No. 183). The Court finds Dr. Hudson's experience provides him significant knowledge of the conduct of work on a ship and the relationship between the United States and the prime contractor and the prime contractor and the subcontractors which is relevant to this action seeking relief as the result of an accident during ship repairs and the responsibilities of the various parties. Dr. Hudson testified he generally used the scientific method by looking at possible causes of the fall and eliminating those that did not prove to be true based on the evidence, including his reviewing documents, deposition transcripts and the Admiralty Letter Report and his inspection aboard the ship. Hudson Depo 20:20-21:15. The Court finds, in light of his experience, Dr. Hudson's opinion is grounded in sufficient facts and data.

Therefore, NASSCO's motion to exclude the testimony and opinions of Mr. Hudson is DENIED.

**III. To Preclude Plaintiff's Introduction of Evidence or Argument Regarding Legal Duty**

NASSCO argues Plaintiff is excluded from presenting proof of duty because she did not plead any legal duty owed by NASSCO in either the TAC or the pretrial order. NASSCO contends it is left guessing what alleged legal duty Plaintiff intends to rely on at trial to prove the threshold issue of whether NASSCO owed Plaintiff any duty under maritime law. NASSCO also argues matters not set forth in the pretrial order may not be raised at trial and missing from the pretrial order is any statement by Plaintiff of the

elements of her claim against NASSCO. Because Plaintiff is precluded from offering evidence or advancing theories at trial which are not included in the pretrial order, NASSCO contends Plaintiff cannot offer evidence of a duty owed by NASSCO to support her negligence claim. NASSCO also argues if this Court allows Plaintiff to attempt to prove legal duty, the legal duty should be limited to NASSCO's defenses set forth in the pretrial order. NASSCO recognizes that the Court may find that NASSCO's inclusion of the above statement demonstrates NASSCO has, in essence, stipulated that it owes a duty of reasonable care under the circumstances, but argues Plaintiff should be precluded from asserting any other legal duty, including any duty arising from the contract between NASSCO and South Bay, from OSHA, or through NAVSEA standards.

In opposition, Plaintiff maintains, although NASSCO cites no authority in its motion that requires Plaintiff to plead the legal duties in her TAC and there is no such requirement, she alleges in the TAC that NASSCO negligently conducted daily safety inspections aboard the USS BOXER which were required by its contract with the United States. As such, Plaintiff argues she pleads the legal duties owed by NASSCO. Plaintiff maintains the duties owed by NASSCO are governed by law and the purpose of motions *in-limine* is to exclude evidence not legal theories that should have been brought in a 12(b)6 motion to dismiss, a 12(e) motion for a more definite statement or a motion summary judgment. She contends this motion is essentially a summary judgment motion in disguise, and NASSCO should have raised these issues in its earlier summary judgment motion.

Plaintiff also argues NASSCO approved both the form and content of the pretrial order and raised its duty of reasonable care under the circumstances, which arose from general maritime law and its contractual obligations. She maintains NASSCO was aware of her contentions which were presented and addressed by the Court in NASSCO's motion for summary judgment.

In reply, NASSCO repeats that Plaintiff cannot rely on NASSCO's contract with the United States to provide the requisite legal duty in this negligence action. To the extent Plaintiff argues NASSCO has been given fair notice of the claims against it, NASSCO

contends Plaintiff's allegations have been a moving target from the original complaint to the operative TAC.

The Court finds NASSCO's motion is a dispositive one and is not properly brought in an *in-limine* motion prior to trial. And, even if it is properly brought, the Court finds NASSCO's reliance on <u>Patterson v. Hughes Aircraft Co.</u>, 11 F.2d 948, 950 (9th Cir. 1993) misplaced. In <u>Patterson</u>, the court found the question of the plaintiff's total disability was not open for determination at trial because the pretrial order included that the plaintiff was found to be disabled under the undisputed facts and specified that the remaining disputed issue was the nature of the plaintiff's disability. Here, there is no stipulated or undisputed fact as to duty in the pretrial order or any indication the parties reached any agreement as to the issue. In fact, the issue of what duty was owed by NASSCO to the decedent is included in the section addressing NASSCO's defenses. <u>See</u> Pretrial Order at 3 (Doc. No. 149). NASSCO cannot, in good faith, argue it believed duty is not an issue to be addressed at the trial. Moreover, the issue of duty was disputed and discussed thoroughly during NASSCO's motion for summary judgment and has consistently involved NASSCO's obligations under the contract and obligation to comply with NAVSEA regulations. The Court finds NASSCO has been provided fair notice of the issues surrounding Plaintiff's claim for negligence. Accordingly, NASSCO's motion to preclude evidence and argument related to legal duty is DENIED.

**IV. To Exclude Evidence of Any Alleged Negligent Act Not Listed in the Pretrial Order**

NASSCO argues any evidence of alleged negligent acts outside the pretrial order must be excluded because the pretrial order delimits the evidence and argument Plaintiff is permitted to present at trial. Similarly, NASSCO argues the United States' crossclaim for negligence must be limited to those alleged acts of negligence set forth in the pretrial order.

In opposition, Plaintiff argues NASSCO's motion is untimely. Assuming the Court will entertain the substance of NASSCO's motion, Plaintiff notes that NASSCO repeats its arguments raised in the motion *in-limine* addressing legal duty, including citing to the same

legal authorities, and she contends its arguments in the present motion fail for the same reasons already set forth in her opposition to the motion *in-limine* addressing legal duty. Plaintiff incorporates those arguments here. Additionally, Plaintiff argues she asserts a single cause of action for negligence and was not required to identify each and every act and omission in the pretrial order. She maintains the negligence actions asserted against NASSCO have been litigated for four years, and extensively addressed in discovery, depositions and NASSCO's prior motion for summary judgment. She further maintains the cases upon which NASSCO relies refer to issues which are broadly interpreted as claims, defenses and theories of liability and not specific acts of negligence. She argues NASSCO has not cited to any authority supporting its contention it would be surprised or prejudiced by same.

As an initial matter, the Court finds the motion is timely. Nevertheless, NASSCO fails to cite to any authority that requires Plaintiff or the United States to list every act or omission which Plaintiff alleges was negligent. This action has been well litigated by the parties, including thorough discussions of NASSCO's allegedly negligent conduct and NASSCO will not be surprised or prejudiced by the acts previously discussed. The Court, however, will entertain an appropriate motion at trial in the event Plaintiff or the United States attempt to introduce evidence of allegedly negligent acts never before produced in discovery or otherwise stated during this litigation. Therefore, NASSCO's motion is DENIED without prejudice.

**V. To Exclude the Opinions and Testimony of Carl Beels**

NASSCO moves to exclude the opinions and testimony of Plaintiff's "human factors" expert Carl Beels because they rely on NASSCO's failure to abide by provisions in the contract and Mr. Beels is not qualified to offer an opinion on the contract. NASSCO contends it is unclear how Mr. Beels' purported understanding of human factors provides him the expertise to assess whether NASSCO allegedly failed to adhere to certain contractual provisions. Furthermore, NASSCO argues all of Mr. Beels' opinions which rely on NASSCO's purported failure to abide by the provisions of the contract must be

excluded because he did not rely on sufficient facts or data and merely repackaged the testimony of other trial witnesses.[5]

In opposition, Plaintiff contends NASSCO's characterization of the opinions offered is incorrect. Additionally, Plaintiff maintains this Court need not engage in any expert opinion gatekeeping function at this juncture because it will be a bench trial and the Court can and should evaluate Mr. Beels' testimony as it is presented at trial when Defendants have the opportunity to vigorously cross-examine Mr. Beels concerning his opinions and the methodology and data used to formulate them.

In the event the Court entertains NASSCO's motion at this juncture, Plaintiff argues the motion must be denied because Mr. Beels is not offering opinions as to NASSCO's breach of contract but, rather, his opinions pertain to NASSCO's violation of various safety standards and regulations which NASSCO admits are applicable to the circumstances of the decedent's accident. Plaintiff maintains there is no need to interpret the contract as to what requirements must be met, and NASSCO should be judicially estopped from changing its position in light of its prior admissions. Instead, she maintains at issue is whether NASSCO failed to comply with the requirements NASSCO itself identified are applicable, and Mr. Beels opined it did.

Furthermore, Plaintiff contends that Mr. Beels' opinions are based upon his training, education and extensive experience, including over 34 years of human factors experience with a focus on accident investigations, a bachelor's degree in psychology and a Master of Science degree in safety management and engineering technology. His opinions are also based upon his extensive review of the evidence consisting of over 80 different sources of information, including 31 depositions, discovery responses, investigation reports, witness

---

[5] NASSCO also argues Mr. Beels' opinions must be excluded because this Court lacks jurisdiction to make determinations on the contract. Based on the discussion in Section I, the Court finds this argument is without merit.

13

statements, photographs and various safety standards, as well as his own inspection of the subject elevator.

Additionally, Plaintiff maintains Mr. Beels has ship repair and maritime industrial experience working as a subcontractor for the Navy. Mr. Beels had similar experience while working for NASSCO itself, between 1993 and 1995, where he dealt with NASSCO's engineers and applied human factors analysis to decks, spaces and machinery in converting merchant ships to Navy supply ships and constructing new ones. Plaintiff contends NASSCO had no issue with Mr. Beels' qualification to perform human factors and safety analysis when he performed shipyard work for NASSCO. Plaintiff maintains Mr. Beels has been consulted or retained in connection with over 3000 accidents involving falls from walking surfaces, including decks, ladders, stairways, ramps, platforms and gangways, including about a dozen Navy ships. Additionally, in working on cases involving Navy ships for the United States as well as for NASSCO, Mr. Beels has experience with NAVSEA, OSHA and SSPC standards, as well as NASSCO's own safety standards. Plaintiff argues Mr. Beels is well qualified to proffer opinions as to safety breaches that led to the decedent's death in this matter, and it would be improper to exclude his opinions. She further argues NASSCO has not shown that the manner in which Mr. Beels reached his opinions was unreliable. Lastly, Plaintiff contends, to the extent NASSCO questions the basis of Mr. Beels' opinions, such inquiry goes to the weight assigned to the opinions rather than to admissibility.

In reply, NASSCO argues all of Mr. Beels' opinions must be excluded because Plaintiff admits his opinions are a determination that NASSCO breached the contract with the Navy and, without the contract, NASSCO had no duty to abide by any of these purported standards or regulations, including the NAVSEA standards and the requirements set forth by the Society for Protective Coverings. NASSCO contends a human factors expert who has admitted he has no experience in contracts is not qualified to opine on issues related to an alleged breach of contract. NASSCO also argues Mr. Beels' opinions are legal conclusions and, as such, any determination as to whether NASSCO purportedly

failed to adhere to "standards" or "regulations" found only in the contract between the Navy and NASSCO is outside the bounds of Mr. Beels' retention and expertise.

Plaintiff offers Mr. Beels' opinion as to whether NASSCO violated certain safety standards, and not whether NASSCO breached the contract. Moreover, his opinions are based on his experience, training, education and review of materials relevant to the accident and his onsite inspection. The Court finds Mr. Beels testimony will assist the Court, as the trier-of fact. As such, the motion is DENIED.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. NASSCO's motion to exclude evidence of the contract (Doc. No. 160) is **DENIED**.

2. NASSCO's motion to exclude testimony of the United States' expert, Dr. Patrick Hudson (Doc. No. 161) is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** as to the first opinion and **GRANTED** as to the second and third opinions.

3. NASSCO's motion to preclude evidence or argument regarding legal duty (Doc. No. 162) **DENIED**.

4. NASSCO's motion to exclude evidence of any alleged negligent act not listed in the Pretrial Order (Doc. No. 172) is **DENIED without prejudice**.

5. NASSCO's motion to exclude opinions and testimony of Plaintiff's expert Carl Beels (Doc. No. 166) is **DENIED**.

6. The hearing set for July 15, 2019 is **VACATED.**

DATED: July 12, 2019

JOHN A. HOUSTON
United States District Judge