UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN OCAMPO, as the personal representative of SALOMON RODRIGUEZ,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and NATIONAL STEEL AND SHIPBUILDING COMPANY,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 15-CV-180-JAH-WVG<br><br>**ORDER ON PLAINTIFF'S EX PARTE MOTION TO REMOVE NON-ESSENTIAL PERSONNEL FROM THE COURT'S ECF SERVICE LIST** |

On May 7, 2020, Plaintiff filed an Ex Parte Motion to Remove Non-Essential Personnel from the Court's ECF Service List. (Doc. No. 249.) In relevant part, the Ex Parte Application moves the Court to remove eight attorneys and paralegals from the service list as reflected on the docket due to their lack of continued involvement in this litigation. The Court hereby STRIKES Plaintiff's Ex Parte Application from the record for non-compliance. This Court's Civil Chambers Rule VI expressly provides "appropriate ex parte applications may be made any time after first contacting Judge Gallo's Research Attorney assigned to the case." At no time did this Court's Chambers receive any advance notice regarding Plaintiff's intent to file the instant Ex Parte Application. Further, although Civil

Chambers Rule VI required Plaintiff to contact this Court's Chambers, Plaintiff also did not contact the Chambers of District Judge Houston prior to making this filing. Thus, Plaintiff failed to provide the requisite advance notice to the Court.

The Ex Parte Application is also improper for its violation of this Court's Local Rules and, again, Civil Chambers Rule VI. The accompanying Declaration of Preston Easley is void of any statement "that indicates reasonable and appropriate notice to opposing counsel, in accordance with Civil Local Rule 83.3(g)." Instead, the Declaration exclusively asserts Plaintiff's counsel verified there are "no tangible links" between the attorneys and paralegals referenced in the Ex Parte Application and this litigation. These representations do not make clear whether Plaintiff's counsel provided Defendants advance notice of Plaintiff's Ex Parte Application filing, consistent with Local Rule 83.3(g)(2) and Chambers Civil Rule VI, or whether Plaintiff's counsel simply inquired as to the status of certain individual's involvement in this case without more.

For Plaintiff's non-compliance with the Local Rules and Civil Chambers Rules, the Court STRIKES from the record Plaintiff's May 7, 2020 Ex Parte Application (Doc. No. 249.)

**IT IS SO ORDERED.**
Dated: May 26, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge