1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN OCAMPO, as the personal representative of SALOMON RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and NATIONAL STEEL AND SHIPBUILDING COMPANY,<br><br>Defendants. | Case No.: 15-CV-180-JAH-WVG<br><br>**ORDER ON JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISTRIBUTION OF FUNDS** |

Pending before the Court is the Parties' July 9, 2020 Joint Motion for Approval of Settlement and Distribution of Funds ("Joint Motion") (Doc. No. 260) and the Parties' responsive briefing concerning the Guardian Ad Litem's Objection to the Parties' Joint Motion (Doc. No. 265). (Doc. Nos. 269, 270.) Having reviewed and considered the Parties' Joint Motion and supplemental briefing on the Guardian Ad Litem's Objection, the Court GRANTS the Joint Motion and ORDERS as follows.

I.    **BACKGROUND**

On June 23, 2020, Plaintiff filed a Notice of State Probate Court's Ruling on Plaintiff's Motion to Approve Settlement and Distribution of Minor's Funds. (Doc. No.

1

258.) On June 24, 2020, the Parties jointly contacted this Court's Chambers regarding further case coordination, pursuant to the Court's June 5, 2020 Order Denying Plaintiff's Ex Parte Motion. (Doc. No. 257.) On June 25, 2020, the Court issued an Order Setting Briefing Schedule, which directed the Parties to timely file a joint motion for settlement approval and briefing from the Parties and the guardian ad litem in this matter, Gary D. Jander ("Jander"). (Doc. No. 259.) Accordingly, on July 9, 2020, the Parties filed a Joint Motion for Approval of Settlement and Distribution of Funds. (Doc. No. 260.)

On July 17, 2020, Jander filed his Response to the Parties' Joint Motion. (Doc. No. 265.) In large part, Jander responded favorably towards the Parties' proposed settlement agreement as referenced in the Joint Motion. At the same time, however, Jander objected to the term providing for an annuity for the minor as part of the settlement agreement. (*Id*.) In light of Jander's objection, on July 20, 2020, the Court ordered the Parties to submit briefing responding to and fully addressing Jander's objection. (Doc. No.  267.) On July 30, 2020, Plaintiff filed his reply to Jander's Response. (Doc. No. 269.) On August 3, 2020, NASSCO filed its reply to Jander's Response. (Doc. No. 270.) In light of these procedural circumstances, the matter has been fully briefed and is ripe for the Court's adjudication.

## II.    DISCUSSION

The Court's consideration as to the fairness of the proposed settlement agreement is informed by Rule 17(c) of the Federal Rules of Civil Procedure. Rule 17(c) "provides, in relevant part, that a district court 'must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (citing Fed.R.Civ.P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)); see also *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("… a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected ...

even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). Further, Civil Local Rule 17.1 provides "[no] action by or on behalf of a minor ... will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." Civ. L. R. 17.1.

The Court has reviewed the terms of the Parties' proposed settlement agreement and finds it fair and reasonable under the circumstances. The incremental payments and total payout to the minor over the course of his life up to and including the year when he turns 30 appear to reasonably cover present and future living costs as well as the expense of college tuition and related expenses. The Court agrees with Plaintiff's assessment that "the minor will thus be assured a steady stream of income plus sizable lump sum payments at key moments during adulthood, ensuring that he has sufficient funds to cover his support, maintenance, and education." (Doc. No. 269.) To that end, the Court takes the view that Jander's objection to the purchase of the annuity is not well founded.

In his Response to the Parties' Joint Motion, Jander submits he does not believe the minor's best interests are served through the annuity because it "does not take into consideration any potential changes in [the minor's] life or circumstances" and, relatedly, "it also provides a rate of return that is potentially significantly less than the rate of return that could be realized from an unrestricted long-term investment." (Doc. No. 265, ¶ 7.) In the same breath, Jander poses that "a more flexible investment plan would allow for any unforeseen circumstances, such as an illness or injury and allow some of the funds to be used for these purposes." (*Id.*, ¶ 13.) Jander fails to follow up on his propositions for alternative means of financing the minor's existing and future living expenses until he reaches 30 years of age with any dose of clarity and, in doing so, leaves nothing more than speculation for the Court's consideration. The Court cannot and will not unravel a settlement agreement the Parties reached following protracted litigation and through arms-length negotiation based on Jander's conjecture and nothing more.

Unlike Jander's vague reference to "a more flexible investment plan," the annuity reflected in the Parties' proposed settlement agreement is certain and guaranteed by USAA,

a long-established and reputed company that will act in managing the settlement funds. This particular term of the settlement agreement stands in stark contrast to the highly speculative nature of Jander's Response to the Parties' Joint Motion. As noted, the Court's fundamental consideration here is whether the Parties' proposed settlement agreement is fair and reasonable to the minor. The Joint Motion and supporting papers make this clear.

Relatedly, the Court looks to Karen Ocampo's ("Ocampo") appointment as the minor's representative, involvement in ongoing settlement negotiations and proceedings, and approval of the Parties' proposed settlement as further reason to find the settlement agreement fair and reasonable. In so finding, the Court notes that the California Probate Code section 10552(b) expressly provides: "The personal representative has the power to do all of the following: …(b) Compromise or settle a claim, action, or proceeding by or for the benefit of, or against, the decedent, the personal representative, or the estate…" (Cal. Prob. Code § 10552(b.).) For purposes of this litigation, the California Probate Court appointed Ocampo as the minor's personal representative. Section 10552(b) proscribes Ocampo with full authority to approve the settlement of this litigation. Ocampo has entered into the settlement agreement with Defendant National Steel and Shipbuilding Company ("NASSCO") on the minor's behalf and raises no objection to any of the terms of the agreement after having entered into the agreement. *Dumas v. Sunview Properties*, 2015 WL 1006370, at *4 (S.D. Cal., Mar. 5, 2015) (approving Parties' proposed settlement agreement and "not[ing] that this settlement was negotiated during a voluntary private mediation session" and "the amount of money Minor T.S. will receive [is] reasonable and fair"). For this reason, on its face, the settlement agreement appears to have been reached in the best interest of the minor, given Ocampo's representation of the minor's interests throughout the course of this Action. In light of this circumstance and the others aforementioned, the Court GRANTS the Parties' Joint Motion for Approval of Settlement Distribution and Funds in finding the settlement amount and structure to be fair, reasonable, and certain.

In this vein, the only unknown here is the true value of Jander's attorneys' fees. At

present, the Court is in no position to accurately ascertain the value of Jander's attorneys' fees as the bulk of Jander's involvement in this matter arose in the related state court action and Jander's appearance in the federal action was for limited reasons, namely telephonically appearing for a roughly 30-minute conference with this Court's Chambers on June 24, 2020 and preparing and filing his five (5) page July 17, 2020 Response to the Parties' Joint Motion). In so observing, the Court notes Jander's representations to Plaintiff's counsel that, by the end of trial in the state-court action, Jander incurred $22,000.00 in attorneys' fees yet he presently seeks to recover $36,000.00 for his work in this case. (Doc. No. 269, 5: 3-5.) Plaintiff now "urges the Court to cap Mr. Jander's attorney fees at $25,000.00…" (*Id.*, 5:15-17.)

Given Plaintiff's stipulation to a fee award of $25,000.00 to Jander, the Court is prepared to approve such fee award up to and including the full $25,000.00. However, to the extent Jander seeks to pursue any amount beyond $25,000.00, the Court ORDERS Jander to file all time records and accounting statements that reflect the full value of the fee award Jander seeks as well as a declaration attesting to the veracity of those records and all work Jander performed in service of this litigation. Jander shall file all documents as aforementioned **no later than 5:00 P.M. on Friday, August 14, 2020**. Should Jander make such filing, the Court underscores it shall not be bound to award Jander the $25,000.00 fee award to which Plaintiff agreed and may adjust the fee award downward as necessary, consistent with any and all records Jander submits to the Court.

## III.    CONCLUSION

The Court GRANTS the Parties' Joint Motion for Approval of Settlement and Distribution of Funds (Doc. No. 260) and ORDERS Jander to file, if at all, **no later than 5:00 p.m. on Friday, August 14, 2020**, a declaration and accompanying supporting documents, including but not limited to time records and accounting statements, verifying the full value of all attorneys' fees incurred in the course and scope of this litigation, in the event Jander seeks to recover any amount exceeding the $25,000 fee award to which

/ / /

1  Plaintiff has stipulated.

2       **IT IS SO ORDERED.**

3  Dated: August 7, 2020

4  _____

5  Hon. William V. Gallo
   United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**15-CV-180-JAH-WVG**